IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY KARL BLACKWELL,

    Plaintiff,                                   No. CIV S-09-0535 GEB DAD P

  vs.

C/O PIZZOLA,

    Defendant.                                   FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

**BACKGROUND**

       Plaintiff is proceeding in this civil rights action on his amended complaint. Therein, plaintiff alleges that on February 26, 2008, defendant correctional officer Pizzola confiscated plaintiff's J-WIN radio for racially discriminatory reasons. (Compl. at 6-7.) Specifically, plaintiff alleges that defendant Pizzola only permits inmates who are not African American to keep their J-WIN radios and other select items of personal property. (Id. at 7.)

---

[1] Defendant has subsequently filed a motion seeking summary judgment in his favor. (Doc. No. 35.) That motion will be addresses in separate findings and recommendations.

Plaintiff claims that defendant Pizzola's actions violated plaintiff's equal protection and due process rights under the Fourteenth Amendment. (Id. at 6-7.) In terms of relief, plaintiff seeks monetary damages. (Id. at 5.)

## PROCEDURAL HISTORY

On September 2, 2008, plaintiff filed his original complaint and commenced this civil rights action. The court screened plaintiff's complaint, dismissed it, and granted plaintiff leave to amend. Plaintiff filed his amended complaint on April 8, 2009. In turn, the court reviewed plaintiff's amended complaint, found that it appeared to state cognizable claims against defendant Pizzola, ordered service and allowed discovery to commence.

On November 2, 2009, plaintiff filed the pending motion for summary judgment. Defendant filed an opposition on January 4, 2010. Thereafter, plaintiff filed, in a staggered and untimely fashion, a "Statement of Undisputed and Disputed Facts" on January 13, 2010, "Supplemental Evidence" on March 18, 2010, and a reply on May 21, 2010.

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the moving party will bear the burden of proof at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing

2

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

3

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## OTHER APPLICABLE LEGAL STANDARDS

I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/////

4

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Therefore, when a defendant holds a supervisorial, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); see also Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II. Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a viable claim under the Equal Protection Clause, however, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Plaintiff's Statement of Undisputed Facts and Evidence [2]

In his untimely and unsupported "Statement of Undisputed and Disputed Facts,"

---

[2] Plaintiff's motion for summary judgment is not in compliance with Local Rule 260(a). In particular, plaintiff's motion was not initially accompanied by a "Statement of Undisputed Facts." Only after defendant filed his opposition to the pending motion did plaintiff file a "Statement of Undisputed and Disputed Facts." Moreover, plaintiff's untimely "Statement of Undisputed and Disputed Facts" fails to cite the particular evidence that plaintiff relies upon to establish the facts he claims are undisputed.

plaintiff simply restates the following. On February 26, 2008, plaintiff was transferred from Kern Valley State Prison (KVSP) to High Desert State Prison (HDSP). (Pl.'s Statement of Undisputed and Disputed Facts (PSUDF) at ¶ 1.) While working as a Receiving and Release Officer at HDSP defendant Pizzola, confiscated plaintiff's J-WIN radio. (Id. at ¶¶ 2-3.)

With respect to evidence supporting his allegation that defendant Pizzola confiscated his radio for racially discriminatory purposes, plaintiff has submitted his own "affidavit" listing fourteen inmates who were allegedly allowed to retain possession of their radios.[3] (Pl.'s Appl. and Req. for Leave to Lodge as Confidential Material of Pl.'s Evidence (Evidence) (Doc. No. 27), Lodg. Doc. 1.) Plaintiff argues that defendant Pizzola allowed the listed inmates to retain their radios through "attrition and the grandfather clause."[4] (Evidence at 1-2.) In addition, plaintiff has submitted to the court a copy of the property card of an Asian inmate, who he claims was also allowed to retain his "boom box E-tron radio" after arriving at HDSP. (Suppl. Evidence at 3.)

II. Plaintiff's Arguments

Plaintiff argues that he is entitled to summary judgment in his favor on his equal protection claim against defendant Pizzola because he has conclusive evidence that African American inmates at HDSP, unlike inmates of other ethnicities, have not been allowed to retain their J-WIN radios. (Pl.'s Mot. for Summ. J. at 2-3.) Plaintiff contends that he has made a

---

[3] Plaintiff actually lists twenty-two such inmates. However, the list appears to include several duplicate names.

[4] Plaintiff never explains what he means by "attrition and the grandfather clause." Presumably, plaintiff is referring to Department Operations Manual (DOM) Section 54030.1, which provides in part:

> As a result of the standardization of allowable inmate property, some items are no longer permissible based on the [Authorized Personal Property Schedule]. Inmates shall be allowed to retain items of personal property that are no longer authorized until either transferred or for a period of up to one year after which time they will be considered disapproved property and disposed of per Section 54030.12.2, Processing Disapproved Property.

6

1  discovery request for the property cards of African American inmates housed on B-Yard at
2  HDSP. (Id. at 2.) Plaintiff maintains that these property cards will reveal that African American
3  inmates have not been allowed to retain their radios. (Id. at 2-3.) He argues that, in contrast, the
4  "affidavit" he has submitted to the court proves that non-African American inmates are being
5  allowed to retain their radios. (Id. at 3.)

III.  Defendant's Opposition

Defendant Pizzola's opposition to plaintiff's motion for summary judgment is supported by a statement of undisputed and disputed facts, a declaration from Deputy Attorney General Todd Irby, defendant Pizzola's own declaration, the prison appeal forms submitted by plaintiff, and excerpts from the California Department of Corrections and Rehabilitation's (CDCR) DOM.

In the opposition, counsel for defendant Pizzola argues that the motion for summary judgment should be denied because plaintiff has failed to present any documentary evidence to support his allegations. (Def.'s Mem. of P. & A. at 4.) Specifically, counsel for defendant Pizzola contends that plaintiff has not presented any evidence demonstrating that Pizzola's decision to confiscate plaintiff's radio was racially motivated and/or was inconsistent with CDCR's regulations. (Id. at 4-5.) Counsel argues further that to the extent plaintiff "alludes" to possible evidence in support of his motion for summary judgment, such "allusions" cannot serve as a sufficient basis for the court to rule in plaintiff's favor. (Id. at 5-6.) Finally, counsel for defendant Pizzola notes that plaintiff's motion fails to comport with the court's local rules governing motions for summary judgment. (Id. at 5-6.)

IV.  Plaintiff's Reply

In his untimely reply, plaintiff contends that, to the extent that his motion is not supported by facts or evidence, it is because defense counsel has "hindered, circumvented, and delayed the discovery process." (Pl.'s Reply at 2.) In addition, plaintiff states in conclusory fashion that "the court should disregard defendant's opposition to plaintiff's motion for summary

judgment because defendant's contentions are unsubstantiated." (Id. at 1.)

## ANALYSIS

The court finds that plaintiff is not entitled to summary judgment in his favor because, based upon the evidence submitted to the court, he has clearly not met his burden of proving beyond controversy that defendant's decision to confiscate his J-WIN radio was racially motivated. See Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000) ("To succeed on a § 1983 equal protection claim, the plaintiff[] must prove that the defendant[] acted in a discriminatory manner and that the discrimination was intentional."). In support of his motion for summary judgment, plaintiff has merely submitted a self-compiled list of fourteen HDSP inmates who he claims have been permitted to possess radios through "attrition and other means." (Evidence, Lodg. Doc. 1 at 2.) However, plaintiff fails to explain what he means by "attrition and other means" and has failed to demonstrate how defendant Pizzola was involved in allowing these fourteen inmates to keep their radios. Moreover, even assuming that defendant Pizzola was responsible for inmates being allowed to keep their radios through "attrition," the list submitted by plaintiff falls far, far short of conclusively establishing that defendant treated African American inmates any differently than inmates of other ethnicities.[5]

Plaintiff's submission of the property card of a recently transferred Asian inmate similarly fails to conclusively prove that defendant Pizzola only permits non-African American inmates to possess radios. The property card evidence does not suggest that defendant was in anyway involved in the processing or handling of the inmate's personal belongings upon his transfer to HDSP. (See Suppl. Evidence at 3.) In other words, plaintiff has once again failed to prove an affirmative link between the evidence he relies upon and defendant Pizzola's actions.

/////

---

[5] Indeed, the undersigned observes that plaintiff himself states that at least two of the fourteen inmates listed by him as among those being allowed to retain their radios (specifically, inmates Henderson and Rea Young) are African American. (Evidence, Lodg. Doc. 1 at 3.)

1  Even if plaintiff had provided some evidence suggesting that defendant Pizzola
2  had acted in a discriminatory manner, the court finds that in opposing plaintiff's motion
3  defendant has presented evidence establishing the existence of a genuine issue of material fact
4  with respect to plaintiff's equal protection claim.  In his opposition to plaintiff's motion,
5  defendant Pizzola asserts that he confiscated plaintiff's radio because it exceeded CDCR's
6  approved dimensions for inmate possessions, and not because he was motivated by racial animus.
7  (Def.'s Mem. of P. & A. at 4; see Def.'s Decl. at ¶ 3.)  In this regard, defendant has provided the
8  court with a copy of CDCR DOM Section 54030.20.7.1, which states that inmate audio
9  entertainment appliances are not to exceed 3" x 6" x 6".  (Def.'s Ex. E at 466.)  Defendant has
10 also provided the court with a copy of plaintiff's inmate appeals, wherein supervisory prison
11 officials have repeatedly affirmed defendant Pizzola's decision to confiscate plaintiff's radio due
12 to its size.  (See Def.'s Ex. C, D.)  Lastly, defendant Pizzola declares that each time he discovers
13 inmate property that is not authorized or approved by CDCR's regulations, he confiscates that
14 property regardless of the inmate's race, religion, or national origin.  (Def.'s Decl. at ¶ 7.)
15  Because a reasonable jury could conclude from the evidence submitted t in
16 connection with plaintiff's pending motion that defendant Pizzola's decision to confiscate
17 plaintiff's radio was not racially motivated and therefore did not violate plaintiff's equal
18 protection rights, plaintiff's motion for summary judgment should be denied.

### CONCLUSION

20  For the reasons set forth above, IT IS HEREBY RECOMMENDED that
21 plaintiff's November 2, 2009 motion for summary judgment (Doc. No. 24) be denied.
22  These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
24 one days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
blac0535.57(p)