IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY KARL BLACKWELL,

    Plaintiff,                          No. CIV S-09-0535 GEB DAD P

    vs.

C/O PIZZOLA,                          ORDER AND

    Defendant.                    FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion for summary judgment brought on behalf of defendant Pizzola pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendant Pizzola. Therein, plaintiff alleges that, on February 26, 2008, upon his transfer to High Desert State Prison ("HDSP"), defendant Pizzola confiscated plaintiff's J-WIN radio. According to plaintiff, he obtained the radio through authorized means, and the staff at his prior institution of confinement did not take issue with the radio. Plaintiff claims that defendant Pizzola has violated his rights to due process and equal protection by confiscating his radio and requests

1

damages. (Am. Compl. at 5-7 & Attachs.)

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**OTHER APPLICABLE LEGAL STANDARDS**

I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II. Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a viable claim under the Equal Protection Clause, however, a prisoner

"must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).

**DEFENDANT PIZZOLA'S MOTION FOR SUMMARY JUDGMENT**

I. Defendant's Statement of Undisputed Facts and Evidence

Defendant Pizzola's statement of undisputed facts is supported by citations to his own declaration signed under penalty of perjury. It is also supported by citations to copies of plaintiff's inmate appeals and prison officials responses thereto, the most recent version of the California Department of Corrections and Rehabilitation's ("CDCR") Departmental Operations Manual ("DOM"), the California Code of Regulations related to inmate property, and plaintiff's amended complaint.

The evidence submitted by the defendant establishes the following. On or about February 26, 2008, defendant Pizzola confiscated plaintiff's J-WIN radio while assigned to HDSP's Receiving and Release ("R&R") department. The defendant seized plaintiff's radio because it did not meet the requirements for inmate use and ownership as set forth in the Authorized Personal Property Schedule contained in CDCR'S DOM. (Def.'s SUDF 3-4, Pizzola Decl.)

During defendant Pizzola's tenure at HDSP's R&R department, he has confiscated inmate property whenever he has discovered unauthorized property during a search. He has done so in accordance with CDCR's policies and procedures and without regard to the inmate's race, religion, or national origin. Defendant Pizzola categorically denies that his decision to confiscate plaintiff's radio was racially motivated. (Def.'s SUDF 5-6, Pizzola Decl.)

/////

1         On February 27, 2008, plaintiff submitted an inmate appeal seeking to have his

2 radio returned to him.  Therein, he claimed that defendant Pizzola confiscated the radio in

3 violation of the Due Process Clause.  Plaintiff also later claimed that defendant Pizzola was

4 racially motivated and confiscated his radio in violation of the Equal Protection Clause.

5 According to plaintiff, non-African American inmates at HDSP are allowed to retain and use

6 identical J-WIN radios.  (Def.'s SUDF 7-9, Ex. A., Am. Compl. at 6.)

7         Prison officials denied plaintiff's inmate appeal at the first, second, and director's

8 level of review because his J-WIN radio exceeded the parameters set forth in CDCR's DOM

9 Section 54030.20.7.1.  Prison officials explained that even if plaintiff was able to keep the radio

10 at a prior prison, defendant Pizzola was not precluded from confiscating it at HDSP because

11 Section 54030.20.7.1 is a state-wide mandate.  (Def.'s SUDF 10-16, Exs. B-D.)

12 II. <u>Defendant Pizzola's Arguments</u>

13         Defense counsel argues that defendant Pizzola is entitled to summary judgment

14 with respect to plaintiff's equal protection claim because there is no evidence before the court

15 indicating that he discriminated against plaintiff on the basis of race when he confiscated

16 plaintiff's J-WIN radio.  Defense counsel contends that the undisputed facts show that defendant

17 Pizzola consistently confiscated inmate radios when they did not conform to the clearly

18 delineated size specifications set forth in CDCR's DOM, regardless of an inmate's race.  Without

19 credible evidence from plaintiff demonstrating that defendant Pizzola treated him differently than

20 similarly-situated non-African American inmates who were in possession of unauthorized radios,

21 counsel argues that plaintiff's equal protection claim must fail.  (Def.'s Mem. of P. & A. at 4-7.)

22 III. <u>Plaintiff's Opposition</u>

23         In opposition to defendant's motion for summary judgment, plaintiff argues that

24 defendant Pizzola has deprived him of his property and intentionally discriminated against him in

25 violation of the Fourteenth Amendment.  Specifically, plaintiff contends that the defendant

26 prohibits African American inmates from possessing radios but has allowed White and Asian

6

American inmates to retain their radios. Plaintiff lists twelve non-African American inmates by name, CDCR number, and race and claims that they have purportedly been allowed to keep their radios. In plaintiff's view, if any inmates are allowed to posses radios, he should be allowed to possess one too. Plaintiff also lists three African American inmates by name and CDCR number and claims that defendant Pizzola has discriminated against those inmates as well. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1-8.)

IV. Defendant Pizzola's Reply

In reply, defense counsel argues that the court should disregard plaintiff's opposition to the pending motion because plaintiff has failed to present any credible, admissible factual evidence in support of his claims. In this regard, counsel contends that plaintiff's opposition consists only of a series of rambling, unsubstantiated anecdotal assertions about other inmates supposedly being allowed to keep their radios at HDSP. (Def.'s Reply at 1-2.)

**ANALYSIS**

Based on the evidence presented by the parties in connection with the pending motion, the undersigned finds that a reasonable juror could not conclude that defendant Pizzola violated plaintiff's rights under the Equal Protection Clause. The evidence presented by defendant Pizzola establishes that his decision to confiscate plaintiff's radio was not based on any intent to discriminate against plaintiff or African American inmates. Rather, defendant Pizzola confiscated plaintiff's radio because it exceeded the permissible dimensions for inmate ownership as provided in CDCR's DOM Section 54030.20.7.1. (Def.'s Ex. F, Pizzola Decl.) Prison officials responses to plaintiff's inmate appeal confirm that plaintiff's radio did not meet the requirements in Section 54030.20.7.1 and that the defendant properly confiscated his radio due to its size. (Def.'s Exs. B-D.) Given this evidence, the court finds that defendant Pizzola has borne the initial responsibility of demonstrating that there is no genuine issue of material fact with respect to his treatment of plaintiff, and the burden shifts to plaintiff to establish the existence of a genuine issue of material fact with respect to his equal protection claim.

The undersigned finds that plaintiff has failed to submit any evidence establishing a legitimate dispute as to a genuine issue of material fact as to his equal protection claim. Plaintiff alleges that defendant Pizzola discriminated against him when he confiscated his radio because defendant Pizzola allows other non-African American inmates to retain their radios. However, plaintiff has provided no evidence in support of this claim. See Serrano, 345 F.3d at 1082 ("To avoid summary judgment, [plaintiff] must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of evidence that the decision was racially motivated.") (internal quotations omitted); Fed. R. Civ. P. 56(e) (a party opposing a motion for summary judgment "may not merely rely on allegations or denials in its own pleading. . . ."). For example, in his opposition to the pending motion, plaintiff lists twelve non-African American inmates by name, CDCR number, and race, claiming that they have purportedly been allowed to keep their radios. However, plaintiff has failed to demonstrate that he is similarly situated to these inmates or that defendant Pizzola has had any involvement in allowing them to keep their radios. Plaintiff also merely lists three African American inmates by name and CDCR number and claims the defendant has discriminated against them as well. However, aside from race, plaintiff has not explained (let alone prove) how he is similarly situated to these inmates or how defendant Pizzola discriminated against them. Accordingly, without more, no reasonable fact finder could conclude based on the evidence before the court that defendant Pizzola confiscated plaintiff's radio because of his race.

For the reasons set forth above, the court concludes that the defendant Pizzola is entitled to summary judgment in his favor with respect to plaintiff's equal protection claim.[1]

/////

/////

---

[1] Both parties have presented arguments regarding qualified immunity in their briefing on the motion for summary judgment. In light of the recommendation set forth above, however, the court declines to address the qualified immunity arguments.

**OTHER MATTERS**

I. <u>Plaintiff's Due Process Claim</u>

In addition to plaintiff's equal protection claim addressed above, plaintiff alleges in his amended complaint that defendant Pizzola violated plaintiff's rights under the Fourteenth Amendment's Due Process Clause when he confiscated his radio. Plaintiff reiterates his due process claim in his opposition to defendant's motion for summary judgment. However, defense counsel has inexplicably chose not to address plaintiff's due process claim in defendant's pending motion for summary judgment or in defendant's reply. Under the court's scheduling order, the time for filing additional pretrial motions has passed. (Order filed Aug. 19, 2009) Nonetheless, under 28 U.S.C. 1915(e)(2)(B)(ii) "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." See <u>Byrd v. Maricopa County Sheriff's Department</u>, 565 F.3d 1205, 1212 (9th Cir. 2009) (affirming the district court's sua sponte dismissal of a prisoner's equal protection cause of action for failure to state a cognizable claim even though defendants failed to move for summary judgment on that claim). Pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), the court will address plaintiff's due process claim below.

Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause" of the Fourteenth Amendment, those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). In this case, plaintiff fails to state a due process claim. Prison restrictions on the size of personal property that plaintiff may keep in his cell do not violate the Due Process Clause. Such restrictions, and defendant Pizzola's confiscation of plaintiff's radio pursuant to them, do not impose an atypical or significant hardship in relation to the ordinary incidents of prison life. See, e.g., <u>Cosco v. Uphoff</u>, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new policy limiting amount of property state prisoners could keep in their cells);

Vogelsang v. Tilton, No. CIV S-06-2083 JAM DAD, 2008 WL 4891213, *4 (E.D. Cal. Nov. 12, 2008) (dismissing due process claim because restrictions on the number of appliances prisoner may keep in his cell did not impose an atypical or significant hardship in relation to the ordinary incidents of prison life); Martin v. Hurtado, Civil No. 07cv0598 BTM (RBB), 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) (dismissing due process claim because the deprivation of an inmate's television does not pose an atypical and significant hardship when compared to the ordinary incidents of prison life).

Moreover, to the extent that plaintiff alleges that defendant Pizzola exceeded his authority or was not authorized to confiscate plaintiff's JWIN radio, plaintiff also fails to state a due process claim.  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  Plaintiff is advised that the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq.

For the reasons set forth above, the undersigned will recommend that plaintiff's Fourteenth Amendment due process claim be dismissed for failure to state a cognizable claim.

II. Plaintiff's Discovery-Related Motions

Plaintiff has attached to his opposition to the pending summary judgment motion a motion to compel discovery and a request for sanctions.  Plaintiff has also recently filed a separate motion asking the court to deem admitted all of his requests for production of documents and admissions together with another request for sanctions.  In these motions, plaintiff claims that defense counsel has failed to adequately respond to his discovery requests and to his previously-filed discovery motions.  Plaintiff has also filed with this court a request for

a "writ of mandamus" addressed to the Ninth Circuit. In this request, plaintiff accuses the undersigned of failing to rule on his motion to compel and request for sanctions attached to his opposition and his previously-filed discovery motions.

Plaintiff is advised that the court's records reveal that defendant Pizzola responded to his previously-filed motion to compel on March 17, 2010. In addition, this court denied plaintiff's previously-filed motion to compel on April 15, 2010. Plaintiff has no other discovery motions pending before this court other than the motions attached to his opposition and his recently-filed motion asking the court to deem admitted all of his requests for production of documents and admissions. As to these latter motions, plaintiff is reminded that under the court's scheduling order discovery in this case closed on December 18, 2009. The parties were required to file any further discovery motions by that date. Plaintiff has not shown good cause to modify the scheduling order and therefore the court will deny his pending discovery motions. See Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Finally, as to plaintiff's accusation that the court has not timely considered the motion to compel and request for sanctions attached to his opposition, he is advised that the court was not required to consider his opposition to defendant's motion for summary judgment until now. Moreover, attaching a motion to compel to an opposition to a defense motion for summary judgment is not the proper filing of a motion to compel and the court need not consider motions not filed in conformance with the governing rules of court. Finally the undersigned notes that plaintiff appears to be under the mistaken impression that this court was required to consider his opposition to the defendant's motion for summary judgment and the attachments thereto when it ruled on plaintiff's own motion for summary judgment several months ago. Plaintiff is again mistaken.

/////

/////

III.  Plaintiff's Request for Judicial Notice

Plaintiff has attached to his opposition a request for judicial notice of an investigative report of HDSP by the Prison Activist Resource Center.  It is not clear how this article is relevant to plaintiff's case.  In any event, judicial notice of adjudicative facts is appropriate with respect to matters that are beyond reasonable dispute in that they are either generally known or capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201 and advisory committee notes.  Here, plaintiff's request for judicial notice is both improper and unnecessary and will therefore be denied.

## CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's May 7, 2010 motion to compel, request for sanctions, and request for judicial notice (Doc. No. 41) are denied; and

2.  Plaintiff's October 27, 2010 discovery motion (Doc. No. 53) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Defendant Pizzola's March 12, 2010 motion for summary judgment (Doc. No. 35) be granted;

2.  Plaintiff's Fourteenth Amendment due process claim be dismissed for failure to state a cognizable claim; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: November 10, 2010.

                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

DAD:9
blac0535.57(2)